**FILED**
U.S. District Court
District of Kansas

MAY **0 2** 2016

Clerk, U.S. District Court
By _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

Plaintiff,

v.

Case No. 15-10105-02-JTM

TRICIA RODARMEL,

Defendant.

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE
## OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney, Jason W. Hart, and Tricia Rodarmel, the defendant, personally and by and through her counsel, Steve Gradert, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.      **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Count 2 of the Indictment, charging a violation of 18 U.S.C. § 2423(a), Transportation of a Minor. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense.

2.      **Penalties.**  The defendant understands that the maximum sentence which may be imposed as to Count 2 of the Indictment is a term of imprisonment of up to life and not less than ten years, a fine of up to $250,000, a term of supervised release of up to life and not less than five years, and a $100 mandatory special assessment.

3.      **Factual Basis for the Guilty Plea.**  The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

1

In October of 2013, via social media, the defendant Tricia Rodarmel began a relationship with the co-defendant Robert Dickson. During communications with the co-defendant, Tricia Rodarmel learned of his interest in engaging in sex acts with minors. Tricia Rodarmel assisted co-defendant Dickson by putting Dickson into contact with a 13 year old minor known to Rodarmel. With Rodarmel's knowledge, Dickson began communicating with the 13 year old minor. Rodarmel was aware that those communications involved the sexual pursuit of the minor by Dickson, and further, that Dickson persuaded the minor to produce images of the minor engaged in sexually explicit conduct for Dickson.

On March 16, 2014, Tricia Rodarmel gained control and custody of the 13 year old minor and transported the minor from Missouri to a hotel in Kansas where Dickson arranged to meet them. Rodarmel did so knowing that Dickson intended to engage in criminal illicit sexual conduct with the 13 year old minor.

4. **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition

of the case:

(a) 204 months in prison for Count 2;
(b) 10 years of supervised release;
(c) no fine; and
(d) a mandatory special assessment of $100.

The parties seek this binding Plea Agreement as an appropriate disposition of the case, because if the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing process; it assures that the defendant and the government will benefit from the bargain they have struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing factors of 18 U.S.C. § 3553(a). If the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this Plea Agreement. This Plea Agreement centers on the defendant's agreement to enter her guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

5. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed

2

sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

6. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to: dismiss the remaining counts of the Indictment at time of sentencing; and not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment.

7. **Consequences for Violating Plea Agreement.** The United States' obligations under this Plea Agreement are contingent upon the defendant's continuing acceptance of responsibility. If the defendant denies or gives conflicting statements as to her involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if she has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, this Plea Agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, she understands and agrees that all statements she made, any testimony she gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against her in any and all criminal proceedings. The defendant waives any rights which might be asserted under the

3

United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements she made subsequent to this Plea Agreement.

8.     **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed Plea Agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding Plea Agreement as an appropriate disposition of the case.

9.     **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by the proposed Plea Agreement and accepts the defendant's guilty plea, the defendant will not be permitted to withdraw her guilty plea. Only if the Court rejects the proposed Plea Agreement will the defendant be permitted to withdraw her guilty plea, and the parties will return to their respective positions as though no plea agreement had been reached.

10.     **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against her at the time of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during her period of incarceration.

11.     **Sex Offender Registration.** The defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant

4

provide information that includes the name, residence address and the names and addresses of any places at which the defendant is or will be an employee or student. The defendant understands that she must update her registrations not later than three business days after any change of name, residence, employment or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

12. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the conviction and sentence imposed, but by entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence sought by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge her sentence, or the manner in which it was determined, or otherwise attempt to modify or change her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

5

13.     **FOIA and Privacy Act Waiver.**  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552.  The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

14.     **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning her background, character, and conduct, including the entirety of her criminal activities.  The defendant understands these disclosures are not limited to the count to which she is pleading guilty.  The United States may respond to comments she or her attorney makes, or to positions she or her attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15.     **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only her and the United States Attorney's for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

16.     **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with her attorney and she is fully satisfied with the advice and representation her attorney provided.  Further, the defendant acknowledges that she

6

has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

17.   The defendant acknowledges that she is entering into this Plea Agreement and is pleading guilty because she is guilty. She further acknowledges that she is entering her guilty plea freely, voluntarily, and knowingly.

Jason W. Hart
Assistant United States Attorney

Date: 5/2/2016

Debra Barnett
Criminal Chief

DAVID LZND FOR

Date: 5/2/16

Tricia Rodarmel
Defendant

Date: 5/2/110

Steve Gradert
Assistant Federal Public Defender
Counsel for Defendant

Date: 5/2/16

7