IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case Nos. 15-CR-10105-2-JTM
                                                                17-CV-01182-JTM

TRICIA RODARMEL,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Tricia Rodarmel's motion pursuant to 28 U.S.C. § 2255 challenging her sentence (Dkt. 56). Defendant alleges ineffective assistance of counsel and prosecutorial misconduct. For the reasons stated herein, defendant's motion is denied.

**I.    Background**

On May 2, 2016, defendant pleaded guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to Transportation of a Minor in violation of 18 U.S.C. § 2423(a). On July 25, 2016, the court sentenced defendant to a term of imprisonment of 204 months and 10 years of supervised release. Defendant did not directly appeal, and timely mailed the instant § 2255 motion on July 24, 2017.

**II.    Waiver**

Within defendant's plea agreement, defendant waived the right to challenge her sentence in a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Fed. R. Civ.

1

P. 60(b). Defendant's waiver also stated that "[n]otwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." (Doc. 42, at 5).

The government seeks to enforce this waiver as to defendant's claims challenging her sentence. Generally, a knowing and voluntary waiver of 18 U.S.C. § 2255 rights is enforceable. *United States v. Morrison*, 415 F. App'x 860, 862 (10th Cir. 2011) (citing *Cockerham*, 237 F.3d at 1183). District courts enforce these waivers so long as: (1) the collateral attack falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his right to collateral review; and (3) enforcing the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

Defendant alleges that trial counsel was ineffective because he failed to make a sentencing-disparity argument and present mitigating evidence that could have resulted in a lower sentence. Defendant claims that her sentence is substantially unreasonable. She also asserts prosecutorial misconduct based on racial bias. To the extent that defendant raises claims of ineffective assistance of counsel or prosecutorial misconduct, these claims fall within the exceptions to the waiver. *See United States v. Ellis*, No. CR 12-20093-01-KHV, 2017 WL 193158, at *4 (D. Kan. Jan. 18, 2017) (noting that the final sentence in the waiver was broader than the *Cockerham* exception and that "the plain language of the plea agreement permits all claims of ineffective assistance of counsel . . . .").

### III. Ineffective Assistance of Counsel

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the district court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by law. If the court finds that defendant is being held in violation of federal law, the court "shall vacate and set the judgment aside and shall discharge the [defendant] or resentence him or grant a new trial or correct the sentence . . . ." 28 U.S.C. § 2255(b).

The Sixth Amendment provides defendants a right to effective assistance of counsel, and this right "extends to the plea-bargaining process." *United States v. Watson*, 766 F.3d 1219, 1225 (10th Cir. 2014) (quoting *Lafler v. Cooper*, 566 U.S. 156, 162 (2012)). The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).

Under *Strickland*, a defendant bears the burden of satisfying a two-pronged test. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Id.* at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Second, a defendant must demonstrate prejudice, which requires a showing that there is "a reasonable probability

3

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Lafler*, 566 U.S. at 163.

      *a. Discussion*

The court finds that trial counsel was not ineffective. First, defendant pleaded guilty pursuant to a Rule 11(c)(1)(C) plea. In doing so, defendant acknowledged that she believed a 204-month imprisonment followed by 10 years of supervision was an appropriate sentence. Had trial counsel argued that defendant's sentence was substantially unreasonable and/or unconstitutional, these arguments would have been contrary to defendant's agreements and likely breached the plea agreement.

Furthermore, trial counsel did present mitigating circumstances. At sentencing, trial counsel told the court that defendant had been a good person and mother, but she went through a lot when she lost her parents. Counsel believed that the co-defendant had manipulated defendant. Trial counsel stated that the parties bargained for the proposed 204-month sentence and he believed it was an appropriate disposition. The court agreed, accepted the plea agreement, and sentenced defendant in accordance with her plea agreement. Thus, defendant cannot meet her burden under *Strickland*, and her claims of ineffective assistance of counsel are denied.

**IV.    Prosecutorial Misconduct**

Defendant did not file a direct appeal. Generally, § 2255 motions are not available to raise matters that should have been raised on direct appeal. *See United States v. Brune*, No. CR 11-20128-01, 2016 WL 7428552, at *2 (D. Kan. Dec. 23, 2016) (unless the defendant can show both cause for the procedural default and actual

prejudice or that a fundamental miscarriage of justice will occur, the court will not consider claims that should have been raised on direct appeal). Procedurally, defendant's issue of prosecutorial misconduct is barred because it was not raised on direct appeal.

Because the court finds that defendant is not entitled to relief, her request for an evidentiary hearing is denied. An evidentiary hearing is generally not required when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The existing record is sufficient for resolving defendant's claims and no hearing is warranted.

The court is mindful of defendant's pro se status and liberally construes her motion. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally"). Even with this generous review, however, defendant has not shown that reasonable jurists could debate whether her 28 U.S.C. § 2255 motion should be resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the court declines to issue a certificate of appealability.

IT IS THEREFORE ORDERED this 30th day of October, 2017, that defendant's motion pursuant to 28 U.S.C. § 2255 challenging her sentence (Dkt. 56) is denied.

5

IT IS FURTHER ORDERED that defendant's request for a hearing is denied.

IT IS FURTHER ORDERED that the court will not issue a certificate of appealability in this case.

s/ J. Thomas Marten

J. Thomas Marten, Judge