IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                Case No. 15-10105-2-JTM

TRICIA RODARMEL,
        Defendant.

### MEMORANDUM AND ORDER

This matter is before the court on defendant Tricia Rodarmel's "Emergency Motion and Brief for Compassionate Release" (Dkt. 68). Rodarmel asks the court for an order pursuant to 18 U.S.C. § 3582(c)(1)(A) "modifying the terms of her incarceration," or, alternatively, imposing a sentence of home confinement due to the ongoing Covid-19 pandemic. The court finds that it lacks jurisdiction to grant the relief requested and denies the motion for the reasons set forth below.

18 U.S.C. § 3582(c)(1)(A) provides that a court may not modify a term of imprisonment after it has been imposed except upon a motion by the Director of the Bureau of Prisons or upon a motion by the defendant *after* the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier …." If either prerequisite is met, the court may reduce a defendant's term of imprisonment if it considers the applicable factors set forth in 18 U.S.C. § 3553(a) and finds that a reduction is warranted by either "extraordinary and compelling reasons," or defendant's age, time served, and

lack of danger to the community, and that the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Tenth Circuit has consistently interpreted § 3582(c) as providing definitive jurisdictional limits to a district court's ability to modify a term of imprisonment. *See United States v. Spaulding,* 802 F.3d 1110, 1112, 1122 (10th Cir. 2015) (finding that "courts have jurisdiction to alter … criminal judgments only to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" and that "the relevant provisions of § 3582(c) operate as a clear and mandatory restriction on a court's authority.") (internal quotation marks and citations omitted). Rodarmel's motion acknowledges that she has not attempted to pursue exhaustion of administrative remedies as required by the statute, but argues the court should excuse the exhaustion requirement in this case because it would be futile, is not capable of granting her adequate relief, or would subject her to undue prejudice. (Dkt. 68, p. 5-6, citing *Washington v. Barr,* 925 F.3d 109 (2d Cir. 2019)).

While other courts may have excused compliance with the exhaustion requirement in certain Covid-19 related cases, Rodarmel has not pointed to any controlling authority in this court that would dictate the same result. To the contrary, this court has observed that sound reasons support the statute's requirement that a defendant exhaust administrative remedies with the Bureau of Prisons, and has consistently held that a defendant's failure to exhaust all administrative remedies precludes compassionate release pursuant to § 3582(c)(1)(A). *United States v. Read-Forbes*, No. 12-20099-1-KHV, 2020 WL 188856 (D. Kan. Apr. 16, 2020). *See also United States v. Nash*, No. 19-40022-1-DDC,

2020 WL 1974305 at *2 (D. Kan. Apr. 24, 2020) (citing *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) for the proposition that "[u]nless the defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief."); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887 (D. Kan. Apr. 10, 2020); *United States v. Brown*, No. 12-20066-37-KHV, 2020 WL 1935053 (D. Kan. Apr. 22, 2020); *United States v. Moore*, No. 15-10132-01-EFM, 2020 WL 2061429 (D. Kan. Apr. 29, 2020). This court agrees with *Read-Forbes* and the other authorities listed above holding that a defendant's failure to exhaust all administrative remedies is a jurisdictional bar to relief under §3582(c)(1)(A), and finds no basis to deviate from that requirement in this case.

Even if the court were to excuse Rodarmel's failure to exhaust administrative remedies, Rodarmel fails to identify "extraordinary and compelling circumstances" that would compel modification of her term of imprisonment. Rodarmel indicates she is concerned with her health in light of active Covid-19 infections in her facility and underlying health conditions that make her more susceptible to serious complications from the disease. The court is unaware of any controlling authority indicating that such concerns, standing alone, create the type of "extraordinary and compelling" circumstances that would justify compassionate release. *See United States v. Seymon*, 11-CR-10040-JES, 2020 WL 2468762 at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP …. But the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release."). The cases cited by Rodarmel in

which a court has granted compassionate release based in part upon Covid-19 demonstrate that in those cases not only did the defendants have an elevated risk of serious complications from a Covid-19 infection, but those defendants had an extremely short term (five months or less) left on their sentences and in many cases the request for release was not opposed by the United States.

In contrast, Rodarmel is not yet three years into a 204 month sentence imposed after her plea of guilty to transportation of a minor with intent that such minor engage in sexual activity. She is not of an advanced age, and has not demonstrated substantial rehabilitation efforts while in Bureau of Prisons custody. The court finds that early release or modification of Rodarmel's sentence at this point would be inconsistent with the factors listed in 18 U.S.C. § 3553(a)(1), including the nature and circumstances of the offense and history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, and the need for the sentence imposed to afford adequate deterrence to criminal conduct. Any "extraordinary and compelling circumstances" created by Rodarmel's Covid-19 related health concerns are insufficient to overcome the court's obligation to consider the section 3553(a)(1) factors when determining whether compassionate release is appropriate.

Finally, Rodarmel asks the court to impose a sentence of "home confinement." Even if the court ignored jurisdictional barriers under section 3582(c) to granting Rodarmel's motion, only the Bureau of Prisons has the authority to order home confinement under the CARES Act. *See United States v. Nash*, 2020 WL 1974305, at *3 (D.

Kan. Apr. 24, 2020) ("the CARES Act authorizes the BOP – not courts – to expand the use of home confinement"); *United States v. Boyles*, 18-20092-JAR, 2020 WL 1819887 at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining the difference between the CARES Act grant of authority to the BOP to lengthen the duration of home confinement and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c).

For the reasons set forth above, the court finds Rodarmel is not entitled to compassionate release under 18 U.S.C. § 3582(c). Rodarmel's motion (Dkt. 68) is DENIED.

IT IS SO ORDERED this 1st day of June, 2020.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT