IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    No. 15-10105-02-JWB

TRICIA RODARMEL,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to appoint counsel. (Doc. 72.) The government has filed a response. (Doc. 74.) For the reasons stated herein, Defendant's motion for appointment of counsel is DENIED without prejudice.

Defendant's motion asks the court to appoint counsel for Defendant "to help her construct and file a Motion for Compassionate Release/Reduction in Sentence." (*Id.* at 2.) Due to statements in the motion alleging a heightened risk to Defendant from Covid-19 and other factors, the motion was docketed as both a motion to appoint counsel and a motion for reduction of sentence, and the government promptly filed a response arguing against a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). But a close reading of Defendant's motion makes clear it is only a request for counsel and not a request for reduction of sentence.

Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to §

3582(c)(2) motion). At this point Defendant has not shown that her arguments for a sentence reduction are such that she cannot adequately present them without the help of appointed counsel. Nevertheless, District of Kansas Standing Order 19-1 allows the appointment of the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD will review the merits of a motion for compassionate release once it is filed and has fifteen days thereafter to notify the court whether it intends to enter an appearance on behalf of a pro se individual filing a compassionate release motion.

Therefore, Defendant's motion for appointment of counsel (Doc. 72) to assist with the filing of a compassionate release motion is DENIED, without prejudice. The clerk is instructed to send Defendant the applicable form ("Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) - Compassionate Release") so that Defendant may file a pro se motion for compassionate release.

IT IS SO ORDERED this 23rd day of August, 2021.

          _____s/ John W. Broomes_____
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE