IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No.  15-10105-02-JWB

TRICIA RODARMEL,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (Doc. 76.)  The United States has filed a response.  (Doc. 77.)  No reply has been filed and the time for doing so has expired, making the motion ripe for decision.  For the reasons stated herein, Plaintiff's motion for compassionate release is DENIED.[1]

**I.  Facts and Procedural History**

On May 2, 2016, Defendant entered a plea of guilty to one count of knowingly transporting a 13-year old minor in interstate commerce with the intent that the minor engage in sexual activity for which a person may be charged with a criminal offense, in violation of 18 U.S.C. § 2423(a). The Presentence Report (PSR) describes the details of the offense, which involved acts by Defendant that knowingly facilitated the sexual assault of the minor.  (Doc. 48.)  As part of a plea agreement, one count of sex trafficking of a child (18 U.S.C. § 1591(a)(1)) and two counts of production of child pornography (18 U.S.C. 2251(b)) against Defendant were dismissed, and the

---

[1] The motion also renews Defendant's request for appointment of counsel. (Doc. at 23.)  The court concludes Defendant had been able to adequately articulate the basis for her motion and that her request for appointment of counsel should be denied.

parties requested a sentence of 204 months' imprisonment pursuant to Fed. R. Crim. P. 11(c)(1)(C). (Doc. 42 at 2.) Defendant was sentenced by the Hon. J. Thomas Marten to 204 months imprisonment on July 25, 2016. (Doc. 50.)

No direct appeal was taken. On October 30, 2017, the court denied a motion to vacate sentence by Defendant under 28 U.S.C. § 2255 that claimed ineffective assistance of counsel and prosecutorial misconduct. (Doc. 62.) An appeal of the ruling was dismissed by the Tenth Circuit. (Doc. 67.) On May 8, 2020, Defendant filed a motion for compassionate release that the court dismissed for failure to exhaust administrative remedies. (Doc. 71.) On August 23, 2021, the court denied a motion by Defendant for appointment of counsel. (Doc. 75.)

Defendant has now filed a second motion for compassionate release. (Doc. 76.) The motion alleges that Defendant has exhausted her administrative remedies and argues a sentence reduction is warranted based on new case law, new medical information, and the continued threat of COVID-19. (Doc. 76 at 2.) Defendant alleges she has a history of asthma, hypertension, high cholesterol, a high body-mass index, and long-haul COVID symptoms that put her "at extremely high risk of death should [she] be infected with the COVID-19 virus a second time." (*Id.* at 3.) Defendant acknowledges she has been fully vaccinated against COVID-19 but argues that waning efficacy of the vaccine and new variants of the virus mean she is still at risk. Defendant also argues she has engaged in continuous self-improvement while incarcerated, citing various courses and jobs she has completed or performed, including an extensive office-management apprenticeship. (*Id.* at 18-19.) Additionally, Defendant argues that the factors in 18 U.S.C. § 3353(a) warrant a sentence reduction, including her lack of criminal history, her assertion that she "is not now nor ever was a danger to society," and her plan to live with her son if released. (*Id.* at 21-23.)

## II.    Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons warrant such a reduction…." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file her own motion for reduction after she "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable

to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021); *United States v. Vargas*, No. 13-10193-JWB, 2021 WL 4623586, at *1 (D. Kan. Oct. 7, 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

The government opposes the motion.  It first argues Defendant has not shown that she exhausted administrative remedies.  It cites an email Defendant submitted to the warden of the facility on May 28, 2020, that indicated her claim was based on a "high risk [of] contracting the virus."  (Docs. 77-1, 77-2.)  The government points out that Defendant's current motion alleges she already had COVID once and is now at risk of contracting a *second* infection, and it argues Defendant only exhausted a claim based on the threat of an initial infection and not the danger of a second infection.  (Doc. 77 at 6.)  Even if the claim is exhausted, the government argues Defendant has not shown extraordinary and compelling circumstances because Defendant has now received two vaccine doses and a booster shot against COVID-19.  (*Id.* at 11.)  Finally, the government argues that the § 3553(a) factors do not weigh in favor of a sentence reduction.

### III.  Analysis

Although the record concerning exhaustion of Defendant's current claim is not entirely clear, the court concludes Defendant has at least made a prima facie showing that she exhausted her current claim for compassionate release.  The court thus proceeds to the merits of the claim. The court has also considered Defendant's allegations that there are extraordinary and compelling circumstances that justify a sentence reduction.  The court finds it unnecessary to determine whether Defendant's circumstances rise to that level, however, because it concludes that a sentence reduction is not consistent with the sentencing factors in 18 U.S.C. § 3553(a).

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). *McGee*, 992 F.3d at 1042. Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

After reviewing Defendant's submissions, the court finds that the imposed 204-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and to punish the offense. The nature and circumstance of Defendant's offense are egregious, as they involved Defendant's knowing subjection of a 13-year old minor to a planned sexual assault by the co-defendant. The sentence included enhancements for committing an offense involving a minor who was a relative of Defendant's, for unduly influencing the minor to engage in the conduct, for encouraging the minor to engage in the conduct, and for facilitating the sexual act constituting the offense. (Doc. 48 at 15.) Additionally, the sentence included an enhancement for obstruction of justice based on Defendant's destruction of a computer after Defendant was interviewed by investigators. (*Id.* at 15-16.) The offense conduct undoubtedly caused significant, lasting harm to the minor involved. The co-defendant received a 300-month sentence for his part in the offense. Defendant entered into a Rule 11(c)(1)(C) plea agreement and specifically agreed that 204 months represented an appropriate sentence. By entering into the plea agreement, Defendant avoided the prospect of a more severe sentence by obtaining dismissal of three counts, including one count that could have subjected to her to a potential life sentence. (*Id.* at 24.)

It is true that Defendant had no criminal history at the time she committed the instant offense. Nevertheless, the nature and circumstances of the offense far outweigh that fact and

require imposition of a significant sentence.  The court notes the sentence imposed was within the applicable guideline range that took into account Defendant's conduct and her lack of criminal history.  The need for the sentence to reflect the seriousness of the offense weighs strongly in favor of the 204-month sentence.  So does the need for the sentence to afford adequate deterrence.  A reduction would also undermine the need to avoid unwarranted disparities in sentence, both as to the co-defendant in this case and with respect to persons who have committed similar offenses. The sentence imposed also furthers an interest in protecting the public from further crimes of Defendant.

Defendant was approximately 39 years old at the time of the offense; she is currently 45. Her projected release date is December 12, 2030, a little over eight years from now.  (Doc. 77 at 4.)  She has served less than fifty percent of the original 17-year sentence imposed.  The court has considered all of the circumstances in Defendant's motion, including her health conditions, the risk of COVID, and Defendant's conduct while incarcerated.  The court notes that although Defendant alleges she was subjected to unsanitary conditions at the facility where she is housed, she has not shown she will be unable to receive adequate medical care at the facility.  In sum, the court concludes that the imposed 204-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

## IV.  Conclusion

Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 76) is DENIED.  IT IS SO ORDERED this 8th day of June, 2022.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE